### PARKER *et al. v.* LYTHGOE *et al.*

*(Supreme Court, General Term, First Department.  May 15, 1891.)*

JUDGMENT—OPENING AND VACATING—RESTITUTION.
    On motion for restitution, made after the setting aside of a judgment in an action for the construction of a will, on which a writ of assistance had been issued, it appeared that the effect of the writ had been to permit the devisee of an undivided third of the real estate to collect the rents of certain parcels thereof for the benefit of himself and others, who were heirs of testator; that right of another person, claiming to be a devisee, was doubtful; that the executors, making the motion, were aged men, of doubtful responsibility, and the objects for which they were empowered to collect the rents were satisfied.  *Held*, that the power to order restitution in such cases being discretionary, under Code Civil Proc. N. Y. § 1292, providing that, where a judgment is set aside upon motion, "the court may order and enforce restitution," the property should not be restored to the control of the executors.

    Motion for restitution on setting aside judgment.

    Action by John Parker and Robert Graham, executors of James Linden, deceased, against Maria Linden, Mark Lythgoe, and others, for the construction of the will of said James Linden.    A judgment in the action, entered before the expiration of the time granted to one of the defendants to answer after default, was set aside as irregular, with an addition to it, made at the foot thereof after it was entered, directing plaintiffs to relinquish possession of certain real property held by them under the provisions of the will to the surviving devisees and heirs at law of the testator, upon which a writ of assistance had been issued and executed.    Thereupon plaintiffs moved for restitution to them of said property.    For former reports, see 13 N. Y. Supp. 95, 787, 949.    Code Civil Proc. N. Y. § 1005, provides: "Where a new trial is granted, the court may direct and enforce restitution, as where judgment is reversed upon appeal."    Section 1292 provides: "Where a judgment is set aside for any cause, upon motion, the court may direct and enforce restitution, in like manner, with like effect, and subject to the same conditions, as where a judgment is reversed upon appeal."    Section 1323 provides: "When· a final judgment or order is reversed or modified upon appeal, the appellate court, or the general term of the same court, as the case may be, may make or compel a restitution of the property, or of a right, lost by means of the erroneous judgment or order; but not so as to affect the title of a purchaser in good faith and for value."

    Argued before VAN BRUNT, P. J., and DANIELS, J.

    *Isaac N. Miller,* for the motion.   *P. & D. Mitchell,* opposed.

    PER CURIAM.   Both the judgment and the addition made to it after its recovery have been vacated, and the authority under which the writ of assist-

ance was issued has thereby been vacated.     But the court is not on that account required to award restitution to the plaintiffs.     Whether it shall be ordered or not has been made discretionary in the court.     Code Civil Proc. §§ 1005, 1292, 1323.     And the object of rendering it dependent on discretion was to control its exercise by circumstances indicating the justice or propriety of it.     The effect of executing the writ, in this instance, has been to permit the devisee of an undivided third of the real estate to collect the rents of the tenants in possession of two parcels of not very productive or valuable real estate, for the benefit of himself and three other persons who have been found by the court, as the result of a trial, to be heirs of the testator.     Another claimant may be proven to be a devisee of a third of the property, but that appears to be by no means certain.     If she shall be, then a proportionate part of these rents will be payable to her.     But from the ineffectual efforts which were heretofore made to discover whether that person is in fact living, and from the statements made in the deposition of the individual claiming to be that person, there is great room for doubting whether she will establish her right to any part of these rents.     The plaintiffs, who are the executors, are aged men, of doubtful responsibility, and the objects for which they were empowered by the will to collect the rents have been satisfied. They were given no right of possession or control, for any other or different end; and as their authority has been exhausted, and there will be danger that the rents hereafter accruing will be lost, if they are permitted to be received by them, there is a striking impropriety in the way of restoring them to the position in which they could continue to collect these rents.     Indeed, it may well be doubted whether the court could allow that to be done, since their power of collection under the will has ceased to exist.     The devisee of one-third of the property is acting for himself and the heirs of the testator, and may consistently be intrusted with these rents on his own and their account.     There will be much less danger of the rents being diverted from the persons ultimately entitled to their probable enjoyment by allowing their collection by this devisee; and, in this state of the facts, it would not be a discreet or just exercise of this discretionary power of restitution to subject the property to the further control of these executors.     The motion for restitution should, for these reasons, be denied, and an order should be made directing the devisee to deposit the rents over and above necessary expenditures for taxes, repairs, and insurance, and commissions for collection, with the chamberlain, subject to further order of this court.